UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------x

ERNESTO MARTINEZ,

               Petitioner,

      v.

SUPERINTENDENT,

               Respondent.

------------------------------------------------x

13 Civ. 3916 (TPG)

**OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/15

Petitioner Ernesto Martinez ("petitioner") moves, *pro se*, to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2254. Petitioner claims that he was denied a fair trial due to an unduly suggestive lineup, and due to ineffective assistance of counsel.

For the reasons that follow, the petition is denied.

## BACKGROUND

On September 22, 2008, petitioner was charged with Robbery in the First and Second Degrees for two separate incidents. The first, which occurred on September 4, 2008, involved a robbery of a victim named Randy Cordero. The second, which occurred on September 11, 2008, involved a robbery of a victim named Ronald Espinal. Both robberies occurred in brightly lit subway cars in New York City.

On August 10, 2009, a jury in New York state court convicted petitioner of one count of Robbery in the First Degree, and one count of Robbery in the Second Degree, relating to the robbery of Espinal. The jury was not able to reach a verdict on the similar robbery charges

relating to the robbery of Cordero. However, at sentencing, petitioner pled guilty to one count of Attempted Robbery in the Second Degree relating to Cordero.

The state court sentenced petitioner, as a second violent felony offender, to ten years' imprisonment on the conviction for First Degree and Second Degree Robbery, as well as five years' imprisonment on the attempted robbery count, all to be served concurrently. The court also sentenced petitioner to five years' post-release supervision. Petitioner is currently incarcerated pursuant to this judgment.

Petitioner filed a direct appeal of the judgment, through counsel, arguing that (1) he was deprived of a fair trial based on the introduction of background testimony that petitioner was arrested based on a wanted poster including his name and photograph; and (2) the prosecutor acted as an unsworn witness during summation. On May 3, 2012, the Appellate Division rejected petitioner's claims and affirmed the judgment of conviction, stating that the trial court "properly exercised its discretion in admitting testimony that the police apprehended defendant on a subway train after recognizing him from a wanted poster bearing his photograph," noting that the trial court provided an appropriate limiting instruction to the jury, and rejecting the remainder of petitioner's arguments. *People v. Martinez*, 95 A.D.3d 462 (1st Dep't 2012).

On July 18, 2012, a judge of the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Martinez*, 19 N.Y.3d 975 (2012). Petitioner's conviction became final 90 days later, on October 16, 2012. Petitioner filed the instant petition within one year of that date, on April 23, 2013, and the petition is therefore timely. *See* 28 U.S.C. § 2244(d)(1).

In his original April 23, 2013 petition, petitioner claims that he was deprived of a fair trial because of an unduly suggestive lineup. The petition was amended on August 5, 2013, to add a claim for ineffective assistance of counsel.

## **LEGAL STANDARDS**

### A. Section 2254 Standard of Review

A prisoner in state custody may petition a federal court for a writ of *habeas corpus* on the ground that his confinement violates the Constitution, laws, or treaties of the United States. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). Under AEDPA, federal courts must afford the factual determinations of a state court a presumption of correctness. 28 U.S.C. § 2254(e)(1). The petitioner must rebut this presumption by "clear and convincing evidence." *Id.*

### B. Exhaustion Requirement

A federal court may not grant a writ of habeas corpus unless a petitioner has exhausted his remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). Courts in this circuit employ a two-prong test to determine whether a habeas claim is exhausted. *See Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir. 2003). First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto,* 331 F.3d at 237 (citation omitted). Second, a habeas petitioner must have "'fairly

In his original April 23, 2013 petition, petitioner claims that he was deprived of a fair trial because of an unduly suggestive lineup. The petition was amended on August 5, 2013, to add a claim for ineffective assistance of counsel.

## **LEGAL STANDARDS**

### A. Section 2254 Standard of Review

A prisoner in state custody may petition a federal court for a writ of *habeas corpus* on the ground that his confinement violates the Constitution, laws, or treaties of the United States. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[,]" 28 U.S.C. § 2254(d)(1), or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2). Under AEDPA, federal courts must afford the factual determinations of a state court a presumption of correctness. 28 U.S.C. § 2254(e)(1). The petitioner must rebut this presumption by "clear and convincing evidence." *Id.*

### B. Exhaustion Requirement

A federal court may not grant a writ of habeas corpus unless a petitioner has exhausted his remedies available in the state courts. 28 U.S.C. § 2254(b)(1)(A). Courts in this circuit employ a two-prong test to determine whether a habeas claim is exhausted. *See Cotto v. Herbert,* 331 F.3d 217, 237 (2d Cir. 2003). First, a petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Cotto,* 331 F.3d at 237 (citation omitted). Second, a habeas petitioner must have "'fairly

presented' to the state courts the 'substance' of his federal habeas corpus claim." *Padilla v. Keane*, 331 F. Supp. 2d 209, 214 (S.D.N.Y. 2004) (internal citations omitted.)

If a claim is not fairly presented to the state courts, a federal habeas court will nonetheless deem it exhausted if "it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). And, despite the two-prong test described above, in certain circumstances "[a]n application for a writ of habeas corpus may be denied on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." *See* 28 U.S.C. § 2254(b)(2).

C. Procedural Default

Federal habeas review of a state court's denial of a prisoner's federal constitutional claim is barred if the state court's decision rests on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional violation, or show "that failure to consider the claims will result in a fundamental miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

**DISCUSSION**

Petitioner challenges his conviction and sentence on two grounds. First, he argues that an identification lineup, in which petitioner "was the only one who was Black/Hispanic," deprived him of his right to a fair trial. Second, he argues that his trial counsel was ineffective.

Both of petitioner's arguments are without merit. The court addresses each in turn.

4

### 1. The Lineup

Prior to trial, defendant—through counsel—moved to suppress a confession he made to a police detective soon after his arrest. He also moved to suppress identification evidence from a lineup conducted the night of his arrest, through which victims Randy Cordero, Ronald Espinal, and two other individuals (Kevin Colon and Anthony Torres) identified petitioner as the perpetrator of the robberies.

On July 8, 2009, following a pretrial hearing, the state court denied petitioner's motion to suppress his confession, but granted the motion to suppress the lineup identifications. (Dkt. No. 19 at 121-22.) However, after an independent source hearing held the next day, the state court found that each witness had an independent basis from which he would be permitted to identify petitioner at trial. (*See* Dkt. No. 18-1, Ex. A at 4, 23; Ex. B at 3.)

In the instant petition, petitioner now claims: "When I was in the line up the complaint said that the perp that committed this crime was a male black/Hispanic. At my line up I was place[d] with 4 male oversize Caucasian[s] who were police officers. Not one of them was black/Hispanic. I was the only one who was black/Hispanic . . . of course in a room full of Caucasian male officers and of course out of everybody they pick[ed] me." (Dkt. No. 10 at 5.)

As noted above, the lineup at issue was excluded by the trial court after a motion to suppress. Because the lineup was suppressed, there is no live dispute—or relevant relief—based on an improper lineup. Petitioner's current objections to the lineup are therefore mooted. *See Russman v. Bd. of Educ. of Enlarged City Sch. Dist. of City of Watervliet*, 260 F.3d 114, 118 (2d Cir. 2001) (Although the "case or controversy" requirement has itself been a fertile ground for controversy through the years, at its uncontroverted core lies the principle that, at all times, the

dispute before the court must be real and live, not feigned, academic, or conjectural"); *see also Catanzano v. Wing*, 277 F.3d 99, 107 (2d Cir. 2001) (accord).[1]

## 2. Ineffective Assistance of Trial Counsel

Petitioners may raise ineffective assistance of counsel claims on collateral review. To state a claim for ineffective assistance of counsel, petitioner must show (1) deficient performance that was objectively unreasonable, and (2) prejudice such that the reliability of the outcome is put into question. *Strickland v. Washington,* 466 U.S. 668 (1984). Courts are not required to address both *Strickland* elements if the petitioner "makes an insufficient showing in one." *Wynder v. Smith,* No. 09 Civ. 4541 (LAP)(JLC), 2011 WL 70556, at *13 (S.D.N.Y. Jan. 10, 2011). "The *Strickland* standard is rigorous, and the great majority of habeas petitions that allege constitutionally ineffective counsel founder on that standard." *Lindstadt v. Keane,* 239 F.3d 191, 199 (2d Cir. 2001).

As an initial matter, like the lineup claim, petitioner did not raise an ineffective assistance claim on direct appeal. Petitioner's ineffective assistance claim is therefore unexhausted. Despite this procedural failure, the court declines to remand petitioner's ineffective assistance claim to state court, and instead will exercise its discretion under § 2254 to address the merits of the claim. *See Padilla v. Keane,* 331 F. Supp. 2d 209, 216 (S.D.N.Y. 2004) (interests in judicial economy warrant the dismissal of meritless, unexhausted claims); *Rhines v. Weber,* 544 U.S.

---

[1] To the extent this claim is somehow not mooted, it is unexhausted, as petitioner did not raise this claim on direct appeal. For the same reason, however—because petitioner neglected to raise this issue on direct appeal, and therefore no longer has a state court remedy—his lineup claim is procedurally defaulted. *See Ramirez v. Attorney General*, 280 F.3d 87, 94 (2d Cir. 2001). Petitioner has not attempted to demonstrate cause for the procedural default, and this court's review of his petition based on a suggestive lineup is therefore barred.

6

269, 277 (2005) (noting that "even if a petitioner had good cause for [failure to exhaust claims], the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless").

On the merits, petitioner fails to meet the rigorous *Strickland* standard. The entirety of petitioner's argument concerning the alleged ineffectiveness of counsel states: "At my trial my counsel wasn't fighting for my freedom[.] She wasn't raising no issue prior to my case nor did she fight for me unfair line up at the police department." (8/9/13 Pet., Dkt. No. 10 at 7.) In this bare-bones claim, petitioner neglects to include any particular factual allegations as to how counsel was ineffective. He thus fails to meet his burden on collateral review. Moreover, even construing petitioner's claim quite liberally, a review of the trial record shows that his claim is without merit. Contrary to petitioner's claim that "counsel wasn't fighting for [his] freedom," trial counsel here appears to have been a zealous and capable advocate. In fact, based in large part on the strength of counsel's efforts at trial, the jury was unable to reach a verdict on certain counts against the defendant. On this record, petitioner has failed to show deficient performance or prejudice under *Strickland*.

## CONCLUSION

The court has reviewed the parties' submissions and the underlying record, and has considered petitioner's arguments. For the reasons discussed above, the petition is denied.

The court declines to issue a certificate of appealability, as there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see United States v. Perez,* 129 F.3d 255, 260 (2d Cir. 1997).

SO ORDERED.

Dated:  New York, New York
        May 29, 2015

Thomas P. Griesa
U.S. District Judge